IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN TRANTHAM, | : | |
| Petitioner | : | CIVIL NO. 1:CV-09-01364 |
| v. | : | (Judge Rambo) |
| JERRY C. MARTINEZ, | : | |
| Respondent | : | |

# **MEMORANDUM**

Petitioner Ryan Trantham, an inmate currently located at the Salvation Army Community Corrections Center in North Carolina, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate placement in a Residential Re-entry Center ("RRC") pursuant to the Second Chance Act of 2007.[1] For the reasons that follow, the petition will be dismissed as moot.

---

[1] On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, was signed into law. Among its many provisions, the Act amended 18 U.S.C. § 3624(c), which now provides, in relevant part:

(c) Prerelease custody. -

(1) In general.-The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

On November 30, 1999, Petitioner was sentenced to a term of imprisonment of one hundred and sixty-eight (168) months for conspiracy: mail robbery, *see* 18 U.S.C. § 371 and § 2114(a); mail robbery by use of a dangerous weapon, *see* 18 U.S.C. § 2114(a); and use of a firearm during and in relation to a crime of violence, *see* 18 U.S.C. § 924(c)(1) & (2). (Doc. 1, Ex. B.) Petitioner's projected release date for this sentence imposed in November 1999 is March 10, 2010, via good conduct time release. (*Id.*)

In July 2009, Petitioner was incarcerated at the Low Security Correctional Institution at Allenwood ("LSCI-Allenwood") in White Deer, Pennsylvania. He commenced the instant action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 15, 2009. (Doc. 1.) In the petition, Petitioner claimed that he is entitled to twelve (12) months of pre-release placement in an RRC pursuant to the Second Chance Act of 2007. (*Id.* at 2.) Further, he alleged that his recommended RRC placement date was not given consideration under the Second Chance Act because of an April 14, 2008 memorandum authored by the Bureau of Prisons' ("BOP") Central Office, which requires the BOP's Regional Director's approval for RRC placement beyond six months. (*Id.* at 2-3.) As relief, Petitioner sought an order from the court compelling Respondent to make an appropriate

determination of his RRC placement considering the provisions set forth in 18 U.S.C. § 3624(c) and § 3621(b). (*Id*. at 6.)

On October 13, 2009, Respondent filed a notice of mootness notifying the court that the BOP designated Petitioner to an RRC on September 25, 2009 and released him from incarceration. (Doc. 7.) Generally, when a prisoner is challenging the BOP's execution of his sentence pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *Williams v. Sherman*, 214 Fed. Appx. 264, 266 (3d Cir. 2007). This rule stems from the well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the United States Constitution. *Spencer*, 523 U.S. at 7. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id*. (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *See, e.g.*, *Blanciak*

*v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996); *see also* 13A Charles Alan Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 3533.3 (2d ed. 1984 & 2007 Supp.) ("The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.").

Because Petitioner has been released from incarceration to an RRC, the legal injury he asserts in his petition no longer remains for this court to remedy; he no longer has the requisite "personal stake in the outcome" of the litigation. *See Spencer*, 523 U.S. at 7. Accordingly, there is no case or controversy for this court to consider, and the petition should be dismissed as moot.

An appropriate order will issue.

                                                    s/Sylvia H. Rambo
                                              United States District Judge

Dated: October 14, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RYAN TRANTHAM,** :
:
    Petitioner : CIVIL NO. 1:CV-09-01364
:
v. : (Judge Rambo)
:
**JERRY C. MARTINEZ,** :
:
    Respondent :

# O R D E R

**AND NOW**, this 14th day of October, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED AS MOOT**.

2. The Clerk of Court is directed to **CLOSE** this case.

                                      s/Sylvia H. Rambo
                                      United States District Judge